DANIELSKI v. LUKOMSKI.

1. TRIAL—CREDIBILITY OF WITNESSES—QUESTION FOR JURY.
    The credibility of witnesses is for the jury.

2. EVIDENCE—ADMISSIBILITY—ESTIMATES—WEIGHT OF EVIDENCE.
    In an action for damages for breach of contract in installing a furnace, that witnesses estimated the cost of properly installing same instead of measuring pipe and figuring new material and necessary labor accurately, while a proper subject of argument to the jury, did not render such testimony inadmissible, its weight being for the jury.

Error to Wayne; Mayne, J., presiding. Submitted October 23, 1918. (Docket No. 40.) Decided December 27, 1918.

Assumpsit in justice's court by Julia Danielski against John Lukomski and another, copartners as Lukomski Brothers, for breach of a contract for the installation of a heating plant. There was judgment for defendants and plaintiff appealed to the circuit court. Judgment for plaintiff. Defendants bring error. Affirmed.

*Atkinson & Northmore,* for appellants.

*Samuel H. Crowl,* for appellee.

FELLOWS, J. Defendants agreed for the sum of $450 to install a heating plant in plaintiff's residence. It was to be done in a first-class manner. A heating plant was installed and the contract price paid. Plaintiff, claiming that the plant was not installed in accordance with the contract, brought this suit and recovered a judgment of $250. Defendants bring the case here asking for a reversal on two grounds:

(1) That there was no sufficient evidence to take the case to the jury; and
(2) That the verdict was against the weight of the evidence.

An examination of the record in the case satisfies us that defendants are quite wrong in both contentions. If the testimony of the plaintiff, her son, and her tenant is believed, and their credibility was for the jury, the plant never worked from the day it was first put in operation and was worthless. In addition to this testimony plaintiff produced two witnesses, both of whom were, and for many years have been, engaged in the plumbing and heating business; both of whom examined the plant, testified to many de-

fects, what was necessary to be done in order to make it workable, and estimated the expense it would cost to produce such result. That they did not measure the length of the piping they concluded should be taken out and larger size substituted, and that they estimated what it would cost for new material and labor to make the plant comply with the contract instead of going over it with a rule and accurately figuring each item was a proper subject of argument to the jury, but it did not render their testimony inadmissible or make the question one of law for the court.

One of the defendants was sworn and a heating engineer was also called by them. Both these witnesses gave testimony contradictory to that given by plaintiff and her witnesses. The case was one of fact; the charge of the court was a fair one, is not objected to, and left to the jury the questions to be determined. The verdict is not against the weight of the evidence.

The judgment is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.